IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          ) CRIM. CASE NO. 3:21-cr-355-ECM<br>)<br>MICHAEL JAVON DANIEL     )<br>RICARDO DEVON SHERIFF    )<br>DAVORIUS FERRELL         )<br>KIAM TYREK LOWERY        )<br>JERROD MOSS              ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court are motions to continue trial filed by Defendants Michael Javon Daniel (doc. 115), Ricardo Devon Sheriff (doc. 113), Davorius Ferrell (doc. 119), and Kiam Tyrek Lowery (doc. 118).   Jury selection and trial are presently set on the term of court commencing on February 7, 2022.   For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).   The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

This is multi–defendant conspiracy case with voluminous discovery. Counsel for the Defendants represent that additional time to adequately review discovery and discuss with their clients the possibility of resolving this matter without the need for a trial. In addition, at least one attorney has tested positive for the COVID virus and has been unable to meet with her client. While Defendant Moss has not filed a motion to continue, at a status conference held on January 21, 2022, counsel for Defendant Moss represented that he does not oppose a continuance in this case. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). A joint trial serves the interests of judicial administration and economy. The United States does not oppose a continuance. Accordingly, the Court concludes that the ends of justice served by continuing trial for these defendants outweigh the best interest of the public and the individual defendants in a speedy trial. Thus, for good cause, it is

ORDERED that the motions to continue (docs. 113, 115, 118, and 119) are GRANTED, and jury selection and trial are CONTINUED from February 7, 2022, to the

criminal term of court set to commence on May 9, 2022, at 10:00 a.m. in Opelika, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the May trial term.

Done this 21st day of January, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE